PD-1179-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 9/21/2015 7:05:33 PM
Accepted 9/22/2015 1:50:34 PM
ABEL ACOSTA
CLERK

Petition No. PD-1179-15

IN THE COURT OF CRIMINAL APPEALS OF TEXAS
AT AUSTIN, TEXAS

FILED IN
COURT OF CRIMINAL APPEALS

September 22, 2015

ABEL ACOSTA, CLERK

JULIO FRANCISCO GALVAN,
*Appellant,*

Vs.

THE STATE OF TEXAS,
*Appellee.*

On Petition for Discretionary Review of the

Judgment of the Court of Appeals for the
First Judicial District at Houston, Texas
**Appeal No. 01-00946-CR**
\* \* \*
248th Judicial District Court of Harris County, Texas,
**Trial Court Cause No. 1362831**

## APPELLANT'S MOTION FOR REHEARING

TO THE HONORABLE JUSTICES OF THE
COURT OF CRIMINAL APPEALS OF TEXAS:

Appellant, Julio Francisco Galvan, by and through counsel of record, Patrick

F. McCann, respectfully moves this Honorable Court pursuant to TEX. R. APP. P.

78.3 (Court "may make *any other appropriate order* required by the law and the

*nature of the case.*") (emphasis supplied) and 79.2(c) to rehear and reconsider its

1

September 14, 2015, denial of Appellant's Motion to Extend Time in which to submit a Petition for Discretionary Review to this Court. In support of such motion, Appellant would respectfully show this Court the following:

**I.**

*A. The Proceedings Below:*

In cause number 1362831, Appellant was charged by indictment with the offense of aggravated sexual assault of a child under 14 years of age. (CR-12). A jury in the 248th District Court of Harris County, Texas, found Appellant guilty as charged in the indictment, and punishment was assessed by the trial court at 15 years confinement in the Correctional Institutions Division of the Texas Department of Criminal Justice ("TDCJ-CID"). (CR-87).

Appeal was taken to the First Court of Appeals at Houston. That court affirmed the judgment and sentence of the trial court in an unpublished memorandum opinion dated July 16, 2015. *Galvan v. State*, No. 01-00946-CR (Tex. App. – Houston [1st Dist], *no pet.*). Rehearing in that court was denied.

*B. Appellant Galvan:*

Appellant is Hispanic and speaks no English (I RR p. 2; Listing Marilu Flores and Berta Hernandez as interpreter's at trial), and has a limited education. Appellant was transferred to and is presently confined in the TDCJ-CID as Prisoner No. 1894334. Due to the nature his offense, and threats from fellow

convict's, Appellant has been transferred within the TDCJ-CID for his personal safety. The TDCJ-CID Online Offender Search website currently lists Appellant's location as the Dolph Briscoe Unit, 1459 W. Highway 85, Dilley, Texas 78017-4601.

*C. Appellate Counsel's Actions:*

On July 17, 2015, the undersigned counsel of record provided Appellant with a copy of the Court of Appeals' opinion, along with a letter outlining Appellant's right to file a *pro se* petition for discretionary review by certified mail, return receipt requested, pursuant to Tex. R. App. P. 48.4. After not receiving confirmation that Appellant actually received the court of appeals opinion and letter advising Appellant of his right to petition this Court for discretionary review, counsel sent a second notification advising Appellant of his right to petition this Court, as well as a second copy of the court of appeals opinion, pursuant to Rule 48.4. (*See* Appendix A).

Counsel further moved in this Court to extend the filing deadline for submitting a petition for discretionary review if the Appellant so desired. It is this Court's September 14, 2015 denial of Appellant's Motion to Extend the Time to file a PDR that is the subject of this motion for rehearing. This Motion for Rehearing is being submitted within the 15 day period provided for in TEX. R. APP. P. 79.1.

## II.

*A. The Right to <u>Seek</u> Discretionary Review:*

There is no absolute right to discretionary review in this Court. TEX. R. APP. P. 66.2. While an appellant does not have a right to be granted this level of review, he does, however, have the right to petition this Court for such review by filing a *pro se* petition. *See Ex parte Jarrett*, 891 S.W.2d 935, 940 (Tex. Crim. App. 1994). The Legislature and this Court recognize the importance of seeking this level of review in that it has enacted and implemented procedures as embodied in Tex. R. App. P. 48.4 proscribing specific instructions to the Bar of this State as to when and in what manner defendant's are to be notified of the decision of a court of appeals in his/her appeal, and their right to petition this Court for discretionary review.

*B. Argument and Authorities:*

Appellant does not read or speak English, and has a limited education. He walks in a isolated and hostile world where the vast majority of his Keeper's and fellow convict's, who threaten his safety, do not speak his native tongue. Appellant has to rely on any available persons willing to take the time to translate the most basic instructions he receives in his day-to-day life, as well as any written materials that he may be presented or confronted with, and those translations are not always accurate.

4

The Appellant has well-settled rights under both our State and the Federal Constitutions to petition the court's for redress. Tex. Const., art. I, sec. 27; U.S. Const., amends. I and XIV. The court's have recognized that *"pro se prisoner's ...* face [] the unique handicaps of incarceration" and that "confinement makes compliance with procedural deadlines difficult because of **restrictions on the prisoner's ability to monitor the lawsuits progress.**" *Rand v. Rowland*, 154 F.3d 952, 958 (9th Cir. 1998) (original emphasis). Thus, "technical rules of procedure should be liberally construed so as to protect the prisoner's rights." *Adams v. United States*, 274 F.2d 880, 882 (10th Cir. 1960). This Court should also be "mindful" of the Appellant's circumstances, who "is no doubt unfamiliar with many of the intricacies of appellate procedure." *Ryals v. Estelle*, 661 F.2d 904, 906 (5th Cir. 1981). But more importantly, this Court should be "flexible ... when reviewing failures by [litigant's such as the Appellant] to comply with procedural technicalities." *Hart v. J. T. Baker Chemical Co.*, 598 F.2d 829, 832 (3rd Cir. 1979). Given the unique circumstances present in Appellant's case, this Court should, in the interests of justice, be "flexible", and allow Appellant an adequate extension in time in which to submit a PDR to this Court if he should so desire.

### III.

Pursuant to Tex. R. App. P. 79.2(c), the undersigned counsel of record hereby certifies that this motion is grounded on "significant circumstances which

5

are specified in the motion", and that "the motion is made in good faith and not for delay."

## CONCLUSION AND PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Appellant prays that this Honorable Court will, in all things, **GRANT** this Motion for Rehearing, and **GRANT** Appellant a reasonable extension of time in which to petition this Court for discretionary review if he so desires, and that the Court further **GRANT** any additional relief to which the Appellant may be justly entitled.

DATED this 21st day of September, 2015.

Respectfully Submitted,

/s/  *Patrick F. McCann*

State Bar No. 00792680
Law Office of Patrick F. McCann
Suite 205, Rice Hotel
909 Texas Avenue
Houston, Texas 77002
(713) 223-3805
eFax: (281) 667-3352

**Counsel of Record for the
Appellant**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **Appellant's Motion for Rehearing as to Denial of Motion for Extension of Time in which to File PDR** has been duly served upon counsel representing the State of Texas in this matter, the State Prosecuting Attorney and the Appellant by either  Hand Delivery,  ***Prepaid United States Mail***,   E-mail, or through this   Court's Electronic Filing System   on this 21st day of  September, 2015, addressed as follows:

Appellate Division
District Attorney's Office
Harris County, Texas
1201 Franklin, Sixth Floor
Houston, Texas 77002;

Office of the State Prosecuting Attorney
of Texas
P. O. Box 13046, Capital Station
Austin, Texas 78711-3046; and

Julio Francisco Galvan
TDCJ-CID No. 1894334
Dolph Briscoe Unit
1459 W. Highway 85
Dilley, Texas 78017-4601.

/s/  *Patrick F. McCann*

7

# APPENDIX A

# PATRICK F. McCANN

Attorney at Law
Phone (713) 223-3805 | eFax (281) 667-3352
909 Texas Avenue
Rice Hotel - Suite 205
Houston, Texas 77002

September 18, 2015

Julio F. Galvan
TDC# 01894334
Dolph Briscoe Unit
1459 West highway 85
Dilley, Texas 78017

## SECOND NOTIFICATIOn

Notification letter re:
    (1) status of appeal
    (2) right to file petition for discretionary review
    (3) obligation of client to file petition for discretionary review
    (4) relevant appellate rules

Dear Mr. Galvan:

The Court of Appeals has decided against you on your cases. I am truly sorry. I have included copies of the opinion for your review. I have reviewed your case carefully and can see no good faith basis for continuing on this appeal. However, in the interest of keeping you fully informed as to the status of your case and future actions which you may take in your own behalf, I want you to be aware of certain rules and policies.

If you are not satisfied with the outcome of your case in the Court of Appeals, you may file a "Petition for Discretionary Review" in which you request review by the Texas Court of Criminal Appeals. In the Texas appellate process, not all cases receive full appellate review by the Court of Criminal Appeals. The Court of Criminal Appeals chooses which cases to review. In general, that decision is based on the issues presented in the petition for discretionary review. In other words, you have the right to request review; you do not have the right of review. Review by the Court of Criminal Appeals is discretionary only. If the Court of Criminal Appeals decides not to review the decision, it does not have to undertake review.

I am court appointed to act in your behalf through the appellate stage involving review in the Court of Appeals only. I am not court appointed to act beyond the Court of Appeals, that is, to take your case to the Court of Criminal Appeals at Austin, Texas. Thus, if the Court of Appeals affirms your conviction, I will not be filing a petition for discretionary review.

If you want to file a petition for discretionary review, you may hire an attorney to prepare and file it or you may prepare and file it yourself. If you are indigent, you are not entitled to appointed counsel to prepare and file the petition for discretionary review. If you are indigent and the Court of Criminal Appeals grants review of your case, the Court will appoint counsel to represent you in the full review of your case.

The petition for discretionary review must be filed within 30 days after the day the Court of Appeals' judgment was rendered (that is, the date of the opinion). There is one exception: if a motion for rehearing is filed and overruled, the petition must be filed within 30 days after the day the last timely motion for rehearing was overruled by the Court of Appeals. The petition and all copies must be filed with the clerk of the Court of Appeals which issued the opinion. The Court of Appeals mailing address is 1307 San Jacinto, Houston, TX 77002. You should also be aware that the Court of Criminal Appeals may extend the time to file a petition if a timely and proper motion is filed. The Court of Criminal Appeals mailing address is Court of Criminal Appeals, P.O. Box 12308, Capital Station, Austin, Texas 78711.

Rule 68 and Rule 10.5(b) of the Rules of Appellate Procedure set forth the basic rules you must follow in filing the petition. These rules follow below. Among other things, you can easily locate the time limit within which to file the petition, the contents of the petition, and the suggested reasons for review. You will have copies of your brief and the decision of the Court of Appeals, and, therefore, have the two documents you need to prepare the petition.

If the Court of Criminal Appeals grants your petition, you will be appointed legal counsel whose responsibilities it will be to review the appellate record, all briefs, the petition, and then file a brief in your behalf in the Court of Criminal Appeals.

Listed below are the Texas Rules of Appellate Procedure governing petitions for discretionary review and motions for extension of time to file petitions for discretionary review. The documents you file with the Court of Criminal Appeals must comply with these rules or they may be stricken and not considered.

If you have any questions, please contact me at your convenience.

Respectfully yours,

Patrick F. McCann
909 Texas Ave #205
Houston, TX 77002

## U.S. Postal Service™
## CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

# OFFICIAL USE

DILLEY TX 78017

| | | |
|---|---|---|
| Postage | $ | $3.45 |
| Certified Fee | | $2.80 |
| Return Reciept Fee (Endorsement Required) | | $0.00 |
| | | $0.00 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| | | $0.00 |
| Total Postage & Fees | $ | $3.60 |

0010 09

BARBARA JORDAN PO
Postmark Here
SEP 13 2015
USPS

Sent To JULIO T. GALVAN #98424434

Street, Apt. No.; or PO Box No. BRISCOE UNIT 1459 W HWY 85

City, State, ZIP+4 DILLEY, TX 78017

See Reverse for Instructions

PS Form 3800, June 2002

7003 3110 0000 8731 4697

---

Large Envelope
        (Domestic)
        (DILLEY, TX  78017)
        (Weight:0 Lb 11.60 Oz)
        (Expected Delivery Day)
        (Monday 09/21/2015)
Certified          1          $3.45
        (@@USPS Certified Mail #)
        (70033110000087314697)
                        1          $2.80
Return
Receipt
        (@@USPS Return Receipt #)
        (9590940307325196576642)
Affixed             1          ($9.65)
Postage
        (Affixed Amount:$9.65)
_____
Total                          $0.00

For tracking or inquiries go to
USPS.com or call 1-800-222-1811.

After delivery, use this tracking
number to track your Return Receipt.

Order stamps at usps.com/shop or call
1-800-Stamp24. Go to
usps.com/clicknship to print shipping